IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                        No. CIV S-05-0550 RRB DAD PS

      v.

STEVEN A. FISCHER,               <u>FINDINGS AND RECOMMENDATIONS</u>

        Defendant.

_____/

        This matter came before the court on March 28, 2008, for hearing of plaintiff's unopposed motion for summary judgment. Bobbie J. Montoya, Assistant U.S. Attorney, appeared for plaintiff. No appearance was made by defendant, who has proceeded in this action pro se. Upon consideration of plaintiff's motion and the entire record, the undersigned recommends that plaintiff's motion for summary judgment be granted.

PROCEDURAL HISTORY

        Plaintiff commenced this action on March 19, 2005, by filing a complaint for recovery of defaulted student loans. Plaintiff sought a judgment against defendant for unpaid principal, accrued interest, additional interest up to the date of judgment, late charges and penalties, administrative collection costs, attorney fees, court costs, including United States Marshal's fees and docket fees, and post-judgment interest.

After multiple attempts to serve the complaint and summons on plaintiff, the United States Marshal effected personal service on May 2, 2005. Defendant did not respond to the complaint in any way. On June 2, 2005, plaintiff notified the court that defendant had filed a Chapter 7 bankruptcy petition on May 27, 2005. This action was stayed and administratively closed on July 1, 2005.

Upon conclusion of the bankruptcy proceedings, plaintiff requested that the case be re-opened and that defendant's default be entered. The court reopened the case on October 19, 2005, and the Clerk of the Court entered plaintiff's default. Plaintiff filed a motion for default judgment but subsequently informed the court that defendant had filed a bankruptcy adversary proceeding on October 19, 2005 seeking discharge of his student loan debts. Defendant did not respond to plaintiff's motion for default judgment and did not appear at the hearing of the motion. The motion was dropped from the calendar subject to renewal following the adversary proceeding. In a status report filed on October 6, 2006, plaintiff informed the court that judgment was entered by the bankruptcy court on September 20, 2006, denying discharge of defendant's student loans.

On November 27, 2006, plaintiff filed an amended complaint adding new causes of action against defendant for failure to pay other student loans. The pleading was personally served on defendant on February 14, 2007. On April 5, 2007, defendant filed an answer to the amended complaint.

All parties appeared at a status conference held on April 20, 2007. Pursuant to the Status (Pretrial Scheduling) Order filed on April 23, 2007, discovery closed on December 28, 2007. Plaintiff filed its motion for summary judgment on February 26, 2008. Defendant did not file opposition to plaintiff's motion or seek an extension of time to do so.

Final Pretrial Conference is set before the assigned district judge on July 11, 2008. A bench trial is set for September 8, 2008.

/////

STANDARDS APPLICABLE TO MOTIONS FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). See also Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Owen v. Local No. 169, 971 F.2d 347, 355 (9th Cir. 1992).

> A party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Celotex Corp., 477 U.S. at 323. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288-89 (1968); Ruffin v. County of Los Angeles, 607 F.2d 1276, 1280 (9th Cir. 1979). The opposing party must demonstrate that a fact in contention

is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"  Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

DISCUSSION

Plaintiff moves for summary judgment pursuant to Rule 56 on the grounds that there is no genuine issue of material fact in dispute and that plaintiff is entitled to judgment as a matter of law.  Plaintiff's statement of undisputed facts is supported by defendant's deposition testimony and exhibits to the deposition transcript, by other documentary evidence of defendant's student loans and the balances due, and by an order of the bankruptcy court showing that defendant's student loan debts were not discharged in bankruptcy.  Plaintiff seeks a judgment for (1) the $41,051.40 balance owed by defendant as of March 28, 2008 on his loan from the United States Department of Health and Human Services through its Health Education Assistance Loan Program, including interest accrued through that date; (2) the $240,993.20 balance owed by defendant as of February 1, 2008 on his loan from the United States Department of Education and the California Student Loan Corporation, including interest accrued through that date; (3) costs of $229.23 for the United States Marshal's fees for service of process and $250.00 for the court's filing fee, for a total of $479.23 in costs; and (4) post-judgment interest to accrue on the total judgment of $282,523.83.

Plaintiff's evidence demonstrates that from 1983 to 1988 defendant borrowed between $80,000 and $100,000 by obtaining student loans from the California Student Loan Corporation, guaranteed by the United States Department of Education, and loans from the United States Department of Health and Human Services through its HEAL Program.  Defendant

graduated from a chiropractic college in 1988, worked for chiropractic offices in San Jose and Oakland from 1990 to 1992, and opened his own chiropractic office in San Rafael in 1993. He closed his practice in 1999. Defendant made some payments on his HEAL loans but made no payments on the loans made by the California Student Loan Corporation, which were consolidated in 2001 under the United States Direct Loan Program. It is undisputed that defendant applied for, received, and used student loan monies for his chiropractic education. Defendant has not offered evidence that he repaid the loans, and he has not challenged plaintiff's evidence of the amounts due.

Plaintiff's contentions are supported by its statement of undisputed facts and the evidence proffered in support of those facts. Because plaintiff met its initial responsibility as the moving party, the burden has shifted to defendant to establish that a genuine issue as to any material fact actually exists or to show that plaintiff is not entitled to judgment as a matter of law. Defendant did not file opposition to plaintiff's motion and did not appear at the hearing of the motion. Defendant has failed to contradict plaintiff's evidence with any evidence of his own. Taking plaintiff's evidence as the truth, the undersigned finds that there are no disputed issues of material fact and plaintiff is entitled to judgment in its favor as a matter of law.

A district court may not grant a motion for summary judgment simply because the nonmoving party does not file opposing material, even if the failure to oppose violates a local rule. Martinez v. Stanford, 323 F.3d 1178 (9th Cir. 2003); Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. March 9, 1994) (citing Henry v. Gill Industries, Inc., 983 F.2d 943, 950 (9th Cir. 1993)). However, when a local rule does not require the court to grant an unopposed motion for summary judgment, the court may determine whether noncompliance should be deemed consent to the motion. Id. Here, the local rule governing civil motion procedures provides that opposition to the granting of a motion "shall be in writing and shall be filed with the Clerk not less than fourteen (14) days preceding the noticed (or continued) hearing date." Local Rule 78-230(c). The rule further provides that failure to appear at the hearing of a motion may be deemed

withdrawal of any opposition that was filed.  Local Rule 78-230(j).  On the facts of this case, defendant's failure to file opposition and failure to appear at the hearing should be deemed a waiver of opposition to plaintiff's well supported and meritorious motion for summary judgment.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 26, 2008 motion for summary judgment be granted;

2. Plaintiff be awarded judgment in the amount of $282,523.83, calculated as follows:

   a. The amount of $41,051.40 for the balance owed as of March 28, 2008 on defendant's HEAL loans, including all interest accrued through that date and waiving any additional pre-judgment interest that accrues between March 28, 2008 and the entry of judgment;

   b. The amount of $240,993.20 for the balance owed as of February 1, 2008 on defendant's Department of Education/California Student Loan Corporation loans, including all interest accrued through that date and waiving any additional pre-judgment interest that accrues between February 1, 2008 and the entry of judgment;

   c. The amount of $479.23 for United States Marshal's fees for service of process ($229.23) and the court's filing fee ($250.00), waiving any other costs and fees; and

3. Plaintiff be awarded post-judgment interest to accrue on the judgment at the legal rate provided by 28 U.S.C. § 1961(a), computed daily and compounded annually until paid as provided by § 1961(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fifteen** (15) days after being served with these findings and recommendations, any party may file and serve written objections with the court.  A document containing objections shall be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within **ten** (10) days after the objections are served.  The parties are advised that failure to file objections within the specified time may, under certain circumstances,

waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 31, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
ddad1\orders.prose\fischer0550.msj.f&r